IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Jeremy Lopez, individually and on behalf of all persons similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:16-cv-00246-RWS JDL |
| v. | § § | |
| STS Consulting Services, LLC, | § § | |
| Defendant. | § § | |

**DISCOVERY ORDER**

  After a review of the pleaded claims and defenses in this action and in furtherance of management of the court's docket under Fed. R. Civ. P. 16, the Court orders that discovery regarding decertification must take place by **December 28, 2017**, and with respect to the decertification issues, it is **ORDERED AS FOLLOWS**:

1.  **Disclosures.** Except as provided by paragraph 1(j), and, to the extent not already disclosed, by **October 20, 2017**, each party shall disclose to every other party the following information:

  (a) the correct names of the parties to the lawsuit;

  (b) the name, address, and telephone number of any potential parties;

  (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

  (d) the name address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action;

  (g) any statement of any party to the litigation;

  (h) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries

    or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i)  in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j)  for any testifying expert *on the decertification issue*, by **November 20, 2017**, each party shall disclose to the other party or parties:

  a.  the expert's name, address, and telephone number;

  b.  the subject matter on which the expert will testify;

  c.  if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

    (a)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (b)  the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

  d.  for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflection such information; and

  e.  Upon request, any party shall be excused from furnishing an expert report of treating physicians.

2. **Protective Orders.** The Court has entered a Protective Order agreed by the parties in this case, which allows sharing of information with experts and investigators. Any party may move to modify the terms of the Protective Order for good cause.

3. **Additional Disclosures.** In addition to the disclosures required in Paragraph 1 of this Order, by **October 20, 2017**, and without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

 (a)  a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

>    (b)   a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
>    (c)   those documents and authorizations described in Local Rule CV-34;

4. **Discovery Limitations.** The court orders discovery regarding decertification in this cause to be limited to the following:

   a. the disclosures described in Paragraphs 1 and 3;

   b. Plaintiff(s) may serve 25 interrogatories, 25 general requests for admission and 20 document prove up requests for admission upon Defendant;

   c. Defendant may serve 25 interrogatories, 25 general requests for admission and 20 document prove up requests for admission upon Representative Plaintiff.  Defendant may serve 15 interrogatories to each additional opt-in Plaintiff and 15 requests for admission.

   d. the depositions of the named parties and opt ins (subject to modification by agreement of the parties or order of the Court).  The parties will cooperate to obtain written discovery prior to depositions, to reduce the need for depositions, and the time required to complete each deposition;

   e. depositions on written questions or document subpoenas of custodians of business records for third parties;

   f. depositions of two expert witnesses per Side (if such expert testimony will be offered on the decertification issue);

   g. an additional twenty (20) hours of deposition testimony per Side of any third party witnesses.

   h. the Court will issue an additional discovery order in this case after it rules on any Motion for Decertification.

   "Side" means a party or group of parties with a common interest.  Any party may move to modify these limitations for good cause.

5. **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  On **November 20, 2017**, the parties shall exchange privilege logs identifying the documents or information related to the decertification issue and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties assess the applicability of the privilege or protection.  Any party may move the court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within twenty (20) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support

their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information regarding the decertification issue, then the parties shall inform the court of that fact by **December 2, 2017.**

6. **Pre-trial disclosures.** The date for Pretrial Disclosures shall be set after the Court rules on any Motion for Decertification.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

    (a)  Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosure, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party require to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

    (b)  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or change venue.

11. **Filings.** Any filings in excess of twenty (20) pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

12.     Defendant shall file its Motion for Decertification by **January 11, 2018**.  The Responses and replies shall be due in accordance with the Local Rules of this Court.

**So ORDERED and SIGNED this 13th day of October, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE