# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JEREMY LOPEZ, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>v.<br><br>STS CONSULTING SERVICES LLC,<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 6:16-CV-00246-RWS |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("R&R") on the Joint Motion for Settlement Approval (Docket No. 131) has been presented for consideration. Docket No. 133. The Magistrate Judge recommended granting-in-part the settlement approval, recommending that the requested amount in attorney's fees be reduced and the amount requested for out-of-pocket expenses be denied, with an opportunity for Plaintiff to submit an appropriate bill of costs. *Id.* Plaintiff filed an objection to the R&R. Docket No. 134. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which Plaintiff has raised objections. 28 U.S.C. § 636 (b)(1).

Plaintiff's sole objection is that the out-of-pocket expenses agreed to in the settlement agreement are reasonable and should be approved. Docket No. 134 at 3. Plaintiff states that the requested expenses are appropriate in FLSA cases under Federal Rule of Civil Procedure 54(d) outside the costs of 28 U.S.C. § 1920. *Id.*

In preparing the R&R, the Magistrate Judge relied on the Motion for Approval of the Settlement Agreement. R&R at 1. The settlement agreement merely stated that it included "29,084.00 as payment for Attorneys' out of pocket expenditures." Docket No. 132 at 3. Plaintiff's motion did not argue for the appropriateness of this amount under the facts or provide any case law, and merely concluded that "[t]he terms of the settlement are fair, reasonable, and in the best interest of the Parties." Docket No. 131 at 3. The Magistrate Judge recommended rejecting the original amount because Plaintiff had categorized this amount as "out of pocket expenditures," and found that such expenditures are not authorized under 28 U.S.C. § 1920. R&R at 6, (citing *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 914 (W.D. Tex. 2003)). The Magistrate Judge noted in his R&R that "Plaintiff should have the opportunity to submit an appropriate bill of costs with a supporting affidavit and request repayment under [28 U.S.C. § 1920] if the recommendation is adopted." *Id.* at 6, n.1.

In Plaintiff's objection, Plaintiff now argues that the requested out of pocket expenses fall outside 28 U.S.C. § 1920 and are allowed by Texas District Courts in FLSA cases. Docket No. 134 at 3 (citing *Dobson v. Timeless Rests., Inc.*, No. 3:09-cv-2481-L, 2017 WL 1330464, at *7 (N.D. Tex. Apr. 11, 2017)). Plaintiff attached two affidavits from lead attorneys detailing the costs in support of the requested amount. Docket Nos. 134-1, 134-2. Although Plaintiff did not raise or brief this argument in the original motion, the Court finds it appropriate to consider the new case law presented in Plaintiff's brief along with the facts presented in the two affidavits.

28 U.S.C. § 1920 allows for the judge or clerk of the court to tax as costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copes are necessarily

obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. In FLSA cases, Texas District Courts have also found that "[r]easonable litigation expenses are ordinarily included in an award of statutory attorney's fees." *Rouse v. Target Corp.*, 181 F.Supp.3d 379, 792 (S.D. Tex. 2016) (relying on an 11th Circuit case); *see also Dobson*, 2017 WL 1330165, at *7. "Accordingly, in addition to taxable court costs listed under 28 U.S.C. § 1920, costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, currier service, mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award." *Id.* (citing *Alex v. KHG of San Antonio, LLC*, 125 F.Supp.3d 619, 630 (W.D. Tex. 2015)); *cf. Lewis*, 292 F. Supp. 2d at 914 (relying on an Eastern District of Pennsylvania case, affirmed in the Third Circuit, to find similar costs were not permitted); *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-cv-00295, 2016 WL 4594945, at *14 (S.D. Tex. Sept. 2, 2016) ("Other courts in this circuit when faced with disputed requests for costs, including expenses that normally are passed on to a client by an attorney, routinely deny requests for items that are not listed in § 1920.").

Plaintiff submitted two attorney's affidavits detailing the various expenses that allegedly fall within reasonable litigation expenses in FLSA cases, including court fees, service processing fees, computer research, copying and production, deposition transcripts, telephone, travel, mediation fees, postage, notice administrator, and local counsel costs. Docket Nos. 134-1, 134-2. The court fees, service processing fees, copying and production, and deposition transcripts fall directly under taxable costs in 28 U.S.C. § 1920. *Martinez*, 2016 WL 4594945, at *10–13. The computer research, telephone, travel, mediation fees, postage, notice administrator, and local

counsel costs are recoverable as reasonable litigation costs in an FLSA case. *See Dobson*, 2017 WL 1330464 at *7. The parties have agreed that this amount is appropriate and the Court's independent review finds that the costs are reasonable, and there are therefore no issues with these requests. *Id.* After considering the new information and authority Plaintiff has presented, Plaintiff's request of $29,084.00 is reasonable and appropriate.

## **CONCLUSION**

After considering the Magistrate Judge's Report and Recommendation (Docket No. 133) and the new evidence presented by the Plaintiff (Docket No. 134), the Court **GRANTS-IN-PART** the Joint Motion for Settlement Approval. Docket No. 131. The amount of attorney's fees shall be **REDUCED** to 30% of the common fund, and the award to each plaintiff, set forth in the Settlement Agreement, shall be increased pursuant to the same calculation used to determine those award amounts, to reflect the reduction in attorney's fees. The amount of non-taxable costs is **GRANTED** in the amount of $29,084.00.

**So ORDERED and SIGNED this 12th day of March, 2018.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE